## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BLUERADIOS, INC.,<br>A Colorado corporation,<br><br>     Plaintiff,<br><br>v.<br><br>HAMILTON, BROOK, SMITH &<br>REYNOLDS, P.C., a Massachusetts<br>Professional corporation;<br>DAVID J. THIBODEAU, JR., an individual;<br>LAWRENCE P. COGSWELL III, an<br>Individual;<br>GERALD KAZANJIAN, an individual;<br>DAVID E. BROOK, an individual;<br>JOSHUA MATLOFF, an individual; and<br>NELSON SCOTT PIERCE, an individual.<br><br>     Defendants. | Civil Action No.: 1:21-cv-10488-DJC |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STAY

Plaintiff BlueRadios, Inc. ("BlueRadios"), through its attorneys, submits its Response in Opposition to Defendants' Motion to Stay (ECF 111) as follows:

### I.   INTRODUCTION

This is a legal malpractice case arising out of Defendants' prosecution of dozens of patent applications pertaining to a technology called the "Golden-i," a head-mounted computer with a microdisplay that allows the wearer – usually in a commercial, industrial, or military setting – to hands-free and wirelessly access any other device or network in the world.  BlueRadios alleges that it is the primary developer and inventor of the Golden-i technology.  BlueRadios alleges that Defendants, a Boston-based patent law firm and several of its lawyers (collectively, "HBSR"), jointly represented both BlueRadios and its development partner, Kopin Corporation ("Kopin"),

1

in prosecuting the patents for the Golden-i technology.  BlueRadios alleges that at some point HBSR picked sides between its clients and then worked with Kopin to effectively "scrape off" BlueRadios from either sole or joint ownership of many of the Golden-i patents.  BlueRadios has asserted seven claims for relief in this case. In 2016, BlueRadios also sued Kopin in a case captioned *BlueRadios, Inc. v. Kopin Corporation*, Civil Action No. 16-cv-02052-JLK, U.S. District Court for the District of Colorado ("Colorado Action").  That expensive and hard-fought Colorado Action is past the summary judgment stage and is set for trial in January 2024.

Now, more than 27 months after the commencement of this Action, HBSR asks this Court to stay the case indefinitely in favor of another lawsuit to which it is not a party on the purported bases that delaying the trial of this malpractice case will promote settlement, potentially save litigation expenses, and possibly result in beneficial dispositive rulings from the other lawsuit. HBSR asks for an open-ended stay "until the Colorado Action is fully and finally resolved by the settlement or dismissal of all claims or a final judgment *and the exhaustion of all opportunities for post-trial and appellate relief,*" ECF 112 *(HBSR Memorandum)*, p. 19, yet argues a stay will cause only a "brief delay" and that BlueRadios will suffer no prejudice not already attendant to litigation.  *Id.*, p. 18.

HBSR's motion comes too late to avoid prejudice to BlueRadios and the waste of the parties' and this Court's judicial resources. This case is hurtling toward trial, with fact discovery ending in a few weeks and pretrial conference scheduled for March 2024.  The parties have engaged in months of discovery, exchanged hundreds of thousands of documents, taken nine depositions, and have at least seven more noticed for the upcoming weeks.  BlueRadios has engaged its expert witnesses, who are preparing reports due by September 25, 2023.  BlueRadios has incurred millions of dollars in attorney time and litigation costs preparing for trial against

HBSR with the goal of obtaining a judgment for the losses caused by HBSR's betrayal. Meanwhile, the other lawsuit – the Colorado Action against Kopin (not a party here) – is scheduled for trial in January 2024.

It is unclear why HBSR now seeks a stay only *after* the close of fact discovery if, as HBSR claims, factual issues in the Colorado Action need to be addressed before the parties should proceed with this case.  Nor is it clear why HBSR has not sought and does not seek a consolidation of the actions if, as it claims, so much of what happens in the Colorado Action would be beneficial here. HBSR's delay reflects its true motive: to bring this Action to a screeching halt.

HBSR relies upon the inapplicable "first-to-file rule," making a misplaced argument that the two cases are "substantially similar" "parallel proceedings" and that BlueRadios' allegations here are "secondary claims" to BlueRadios' claims against Kopin.  Even if all of that were true (which it is not), HBSR has not carried its burden of proving grounds for a stay: "*a clear case of hardship or inequity in being required to go forward*" with this case "if there is *even a fair possibility* that the stay . . . will work damage" to BlueRadios.  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (emphasis added).

## II.     FACTUAL BACKGROUND

BlueRadios disputes several statements that HBSR makes in its "Factual Background" and "Introduction" as more argument than "fact."  BlueRadios identifies some of the disputed "fact" statements here for context:

- The Colorado Action is not a "parallel proceeding."  ECF 112, p. 1.  Rather, it is a separate lawsuit against a different defendant alleging different claims and asserting a different damages theory, *i.e.*, unjust enrichment/disgorgement.

- The "claims, defenses, and alleged damages in" the two cases are not "largely intertwined." ECF 112, p. 2. While the same facts may undergird both lawsuits, Kopin is not a law firm and did not have attorneys' duties of care or attorneys' fiduciary duties to BlueRadios.

- BlueRadios' claims against HBSR are not "secondary claims" to its claims against Kopin. ECF 112, p. 2. BlueRadios' claims here against HBSR exist independently of the Colorado Action. Regardless of whether BlueRadios prevails in the lawsuit against Kopin, it will still have its causes of action and a substantial damages claim against HBSR.

- HBSR claims it didn't earlier request a stay because, allegedly, it was only "discovery in this case" that "revealed substantial similarity among the claims, defenses, and damages theories in the two cases." ECF 112, p. 2. HBSR's explanation lacks credibility. HBSR (i) points to the alleged overlap in BlueRadios' complaints against Kopin and HBSR, (ii) states it was considering a stay at least 15 months ago [ECF 74, pp. 2-3], but (iii) nevertheless waited until 27 months into this Action to file its Motion. HBSR represented Kopin in the Colorado Action until January 24, 2017, when the Colorado court disqualified HBSR because of its client-lawyer relationship with BlueRadios.[1] In 2018, BlueRadios deposed several HBSR lawyers in the Colorado Action, each of whom was represented by HBSR's counsel in this case. The Colorado court ordered HBSR to produce documents in the Colorado Action, and HBSR's counsel in this case continued to represent HBSR in the Colorado Action in discovery disputes. The same defense counsel negotiated a tolling agreement and extensions on behalf of HBSR, years before BlueRadios filed this lawsuit. Thus, HBSR and its counsel have had intimate

---

[1]     *See* **Exhibit 1**, ECF 38, 1/24/2017, Order Granting Plaintiff's Motion to Disqualify in the Colorado Action. Pursuant to Fed.R.Evid. 201, BlueRadios requests that the Court take judicial notice of this and the other exhibits attached to this Response.

knowledge of any purported similarity of claims, defenses, and damages long before the beginning of this malpractice action.

- Discovery in the two Actions is independent, and HBSR's allegation that ongoing discovery in and resolution of the Colorado Action "will undoubtedly affect the resolution" of BlueRadios' claims against HBSR here, ECF 112, p. 2, is an unsupported sweeping general statement. The same is true of HBSR's broad statement that the parties "will likely" rely on evidence admitted in the Colorado Action "to form expert opinions and develop arguments for their dispositive motions."[2]  ECF 112, p. 3.

- HBSR makes multiple statements that a stay would conserve resources, promote settlement among the parties, and not prejudice either party, ECF 112, pp. 2, 4, but it does not explain how.  BlueRadios believes that a stay would *hinder* settlement efforts.

### III.    LEGAL STANDARD

No one disputes that this Court has the *power* to stay proceedings.  ECF 112, p. 6, *citing Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  But "[a] stay is an intrusion into the ordinary process of administration and judicial review," and is therefore "not a matter of right," but rather an exercise of *discretion*. *Nken v. Holder*, 556 U.S. 418, 427 (2009) (internal quotation marks and citations omitted). In exercising its judgment, the Court "must weigh competing interests and maintain an even balance."  *Landis*, 299 U.S. at 254-255.

Despite its several references to *Landis*, HBSR fails to cite that decision as providing the controlling legal principle the Supreme Court articulated regarding the high burden of proof HBSR must carry here:

the suppliant for a stay must make out a *clear case of hardship or inequity in being*

---

[2]    There is *no* necessity that some fact or legal ruling be made in the Colorado Action before the parties try this case here, and HBSR cites none.

> *required to go forward,* if there is *even a fair possibility* that the stay for which he
> prays will work damage to some one else.

*Landis,* 299 U.S. at 255 (emphasis added). This burden requires that HBSR do more than claim

that it might benefit by letting the Colorado Action come to final resolution.  In the face of clear

prejudice to BlueRadios and no hardship or inequity to HBSR, and the waste of the Court's and

the parties' resources in preparing this long-pending case for trial, HBSR has not established

grounds for a stay.

This district has repeatedly denied a stay of one federal case in favor of another where the

movant failed to establish the *Landis* requirements.  *See, e.g., Diomed, Inc. v. Total Vein*

*Solutions, LLC*, 498 F. Supp. 2d 385, 388 (D. Mass. 2007) (denying motion to stay of defendant-

alleged inducer of infringement pending resolution of plaintiff's ongoing cases against direct

infringers); *Steele v. Bongiovi*, 784 F. Supp. 2d 94, 97 (D. Mass. 2007) (denying plaintiff's

motion to stay based on plaintiff's pending appeal of related infringement case); *Katz v. Liberty*

*Power Corp., LLC,* Civ. Act. 18-cv-10506, 2020 WL 3440886 at *3-4 (Jun. 23, 2020) (denying

defendant's motion to stay pending U.S. Supreme Court's grant of *certiorari* in case with

different parties addressing constitutionality of same statute in issue); *Yiming Wang v. Xinyi Liu*,

584 BR. 427, 435 (D. Mass. 2018) (denying defendants' motion to stay pending ongoing

bankruptcy proceedings of co-defendant despite "closely related" claims).

## IV.     ANALYSIS AND ARGUMENT

### A.  THE "FIRST-TO-FILE" RULE DOES NOT APPLY.

HBSR's reliance on the "first-to-file rule" is misplaced.  The rule is designed to prevent

"wasted resources because of piecemeal litigation, the possibility of conflicting judgments, and a

general concern that the courts may unduly interfere with each other's affairs."  *TPM Holdings v.*

*Intra-Gold Indus.*, 91 F.3d 1, 4 (1st Cir. 1996). The doctrine "stands for the common sense

proposition that, when two cases are the same or very similar, efficiency concerns dictate that

*only one court decide both cases." Thakkar v. United States,* 389 F. Supp. 3d 160, 170 (D. Mass.

2019) (emphasis added), *quoting In re Telebrands Corp*., 824 F.3d 982, 984 (Fed. Cir. 2016).

Courts apply "first-to-file" concepts in a myriad of differing circumstances with

particular concerns not present here.  For instance, HBSR's cited decisions concerning federal

courts' deference to related or parallel *state* court proceedings under the *Colorado River*

abstention doctrine or adjudication of declaratory judgment actions under *Wilton* are not on

point.[3]  HBSR also relies on inapposite decisions involving situations where stays are granted,

including cases involving:  (i) a class action member who files a second lawsuit against the *same*

defendant raising claims already in issue,[4] (ii) a defendant to Case A that retaliates by filing Case

B against the *same* Case A plaintiff in a different forum,[5] and (iii) a second-filed civil suit

dispositive issue of which is the subject of a larger governmental action against the *same*

defendant.[6] As this district noted, "[t]he first-filed doctrine is used when Party A sues Party B in

one court, and Party B (often soon thereafter) sues Party A in a different court, and the issues in

each action are the same. Each party thus is a plaintiff in one action and a defendant in the

other." *Quality One Wireless, LLC v. Goldie Group, LLC*, 37 F. Supp. 3d 536, 540 (D. Mass.

---

[3]      *Villa Marina Yacht Sales, Inc. v. Hatteras Yachts,* 947 F.2d 529, 533 (1st Cir. 1991)
(analyzing federal court's abstention in favor of state action under *Colorado River Water
Conserv'n Dist. v. United States,* 424 U.S. 800 (1976)); *Nat'l Union Fire Ins. Co. of Pittsburgh,
PA v. Maritime Terminal, Inc.*, No. 14-14541-DJC, 2015 WL 3952766, at *3 (D. Mass. June 29,
2015) (considering bases for dismissal of federal declaratory judgment action in favor of pending
state cases under *Wilton v. Seven Falls Co.,* 515 U.S. 277 (1995)).  ECF 112 pp. 8-9.
[4]      *Thakkar,* 389 F. Supp. 3d at 173-76 (staying class member's individual claims also
asserted in class action but denying stay of claims not duplicated there).  ECF 112 pp. 3, 6-8, 19.
[5]      *Dunkin' Donuts Franchise Rest. LLC v. Wometco Donas Inc.,* 53 F. Supp. 3d 221, 233-34
(D. Mass. 2014). ECF 112 pp. 3, 6, 9, 16.
[6]      *Blue Cross and Blue Shield of Mass., Inc. v. Regeneron Pharms., Inc.*, No. 21-12094-
FDS, 2022 WL 4486067, at *1 (D. Mass. Sept. 27, 2022).

2014) (*abrogated on other grounds by Maldonado-Cabrera v. Anglero-Alfaro*, 26 F.4th 523, 528 (1st Cir. 2022)).

The doctrine simply does not fit here.  HBSR is not asking that the Colorado District Court "decide both cases."  HBSR has not cited a single authority supporting the application of the first-to-file doctrine in the situation before this Court:  years apart, BlueRadios has filed two separate lawsuits – one against Kopin based on contract and tort duties, and the other against different defendants,  HBSR and its lawyers, based on tort duties owed by them.[7]  Nor has HBSR cited a single authority in which a court has stayed an action so that a defendant can prevent a plaintiff from going to trial against it while the same plaintiff litigates its different claims against an entirely different defendant in another federal forum.

## B.    HBSR HAS NOT CARRIED ITS BURDEN FOR A STAY.

"[I]f there is *even a fair possibility* that the stay for which [HBSR] prays will work damage to [BlueRadios]" HBSR "must make out *a clear case of hardship or inequity in being required to go forward*." *Katz,* 2020 WL 3440886*, at* \*2–3 (emphasis added), *quoting Landis,* 299 U.S. at 255.  This is a "heavy burden," *Amersham Int'l v. Corning Glass Works*, 108 F.R.D. 71, 72 (D. Mass. 1985), that HBSR has not carried.  A stay would prejudice BlueRadios, and there is no "clear hardship" or "inequity" to HBSR.

### 1.    *There is a fair possibility a stay will work damage to BlueRadios.*

There is more than "even a fair possibility" that a stay of this Action would harm BlueRadios.  The full extent of HBSR's argument otherwise is (i) a single sentence asserting that

---

[7]    *See infra* at n.13 regarding BlueRadios' aiding and abetting claim against HBSR.

the only prejudice would be a "*brief delay*" pending resolution of the Colorado Action and (ii) a citation to an inapposite case.[8]  ECF 112, p. 18 (emphasis added).

BlueRadios' interests in bringing this matter to trial need to be considered.  *Clinton v. Jones*, 520 U.S. 681, 707-08 (1997) (abuse of discretion to grant lengthy stay taking no account of the plaintiff's interest in bringing the case to trial).  HBSR's single perfunctory argument on prejudice ("a brief delay") is belied by its own request for a stay of indeterminable length.  "Final resolution" of the Colorado Action could take many years, yet HBSR argues that "BlueRadios will suffer no prejudice from a stay."  *Id.*

Justice delayed is justice denied.  *Katz,* 2020 WL 3440886, at *4, *quoting In re Atl. Pipe Corp*., 304 F.3d 135, 147 (1st Cir. 2002).  In *Amersham*, the court recognized the highly prejudicial effect of delay and denied a defendant's motion to stay a patent infringement case in favor of an interference proceeding before the U.S. Patent & Trademark Office that would have determined the priority of the parties' patents and possibly mooted the civil action.  Discovery "entailing the exchange of thousands of pages of documents and extensive interrogatories" had commenced in the district court, and depositions scheduled. Citing *Landis*, the court found "no compelling reason to stay this proceeding" and that the plaintiff "was in clear danger of being damaged by untoward delay" because it "might be delayed many years before it is allowed to resume its cause of action."  108 F.R.D. at 72. The same danger to BlueRadios exists here.

In *Austin v. Unarco Indus., Inc.,* 705 F.2d 1, 5 (1st Cir. 1983), the First Circuit lifted its own stay to proceed on appeal without defendant Unarco, which had filed bankruptcy.  *Id.* Rejecting the co-defendants' arguments for continuing the stay because proceeding without

---

[8]     The "brief delay" in *Alves v. Prospect Mortg., LLC*, No. 13-10985-JLT, 2013 WL 5755465, at *3 (D. Mass. Oct. 22, 2013) was a few months, not the indefinite delay that HBSR seeks.

Unarco did not promote judicial economy and presented the possibility of relitigating issues, the court applied *Landis* and concluded that the alleged hardship to defendants was "not strong enough to justify" the "financial hardship [to plaintiff] of being forced to wait for an undefined but potentially lengthy period before receiving the money to which she may be entitled." *Id.*

Unlike *Alves* (*supra*, n. 8), this is not a matter of a stay of only a few months.  Even if the Colorado Action proceeds to trial in January 2024 as scheduled, it is likely that final judgment would not enter until months later. The party that does not prevail will likely appeal to the Tenth Circuit, resulting in delay of at least another year.[9]  Even assuming an appellate decision within a year, or roughly June 2025 at the earliest, the next level of review – on petition for *certiorari* to the U.S. Supreme Court – would likely take another year before any decision.  This timetable does not account for the possibility of requests for extensions of time or the possibility of a remand, which would re-start the process all over again.  Thus, a stay pending final resolution of the Colorado Action is in essence an unpredictably endless stay in favor of HBSR at BlueRadios' expense and a death knell to BlueRadios' rights to obtain a judgment and recover from HBSR in the foreseeable future. The *Landis* Court held that an order granting a similarly indefinite stay lasting through final appeal to the Supreme Court "exceeded" "fair discretion" in a case already pending for over a year.  *Landis*, 299 U.S. at 256.

A delay in the trial of this Action would prejudice BlueRadios because of the real potential for loss of evidence.  HBSR's proposal to address this risk (by having the stay take effect after the close of fact discovery and to take preservation depositions) does little to ensure

---

[9]     BlueRadios estimates: (i) 30 days to file a notice of appeal, (ii) at least two months from the appeal notice to the filing of the record, (iii) a three-month briefing timetable, Fed. R. App. P. 4, and (iv) the median 9.5 month period for 10th Circuit disposition of appeal.  *See* **Exhibit 2.**

that evidence will not be lost in the years awaiting "final resolution" of the Colorado Action.[10]  It would be impossible for BlueRadios to anticipate what testimony would be lost through fading memories or other inability to testify such that potentially dozens of additional preservation depositions should be taken now.  It is neither practical nor cost-efficient to depose every witness who would otherwise testify live when this case is called to trial in Spring or Summer 2024. Further, BlueRadios should not be required to depose its own witnesses as a prophylactic measure against evidence loss merely because HBSR seeks to gain an advantage for itself by standing on the sidelines to see what happens in the Colorado Action.

One of the defendants in this Action is 80 years old and has retired from his practice with HBSR.  Former Kopin employees who would be witnesses have left and taken jobs with companies based in other states (although they currently work from Massachusetts, according to testimony), potentially making those witnesses unavailable for trial years from now. BlueRadios' owners are at, or approaching, retirement age. The potential that witnesses will become unavailable to testify increases with any delay.

As this district noted in denying a defendant's request for a stay pending a Supreme Court ruling in another case, plaintiffs are "rightly concerned about the loss of [potential] evidence and would be prejudiced by a stay even if to a minimal degree." *Katz,* 2020 WL 3440886, at *4, *quoting Sutor v. Amerigroup Corp*., No. 19-cv-01602, 2020 WL 2124180, at *2 (E.D. Va. Mar. 10, 2020) (noting the "significant risk" that a stay of even several months will prejudice the plaintiff, despite a litigation hold, because "a prolonged stay can make discovery

---

[10]      HBSR suggests a stay will allow it to "rely on evidence admitted" in the Colorado Action in order to "form expert opinions and develop arguments for [its] dispositive motions."  ECF 112, p. 3.  The parties have conducted discovery in this matter and HBSR need not obtain yet-to-be proffered testimony from another case to which it is not a party to prepare its expert opinions and make any dispositive motions.

unnecessarily difficult for other reasons, as relevant employees leave and memories fade");

*Clinton v. Jones*, 520 U.S. 681, 707-08 (1997) (a stay increases "danger of prejudice" from lost

evidence, "including the inability of witnesses to recall specific facts, or the possible death of a

party").

Additionally, HBSR's insurance carrier is defending this Action under an eroding policy.

Legal fees and other costs of defense diminish the amount of insurance available to pay a

judgment. The longer this Action is delayed, the more legal fees and costs will erode the

insurance funds available to satisfy a judgment in favor of BlueRadios.

### 2. *HBSR has not identified, much less established, "hardship" or "inequity."*

Because there is more than "even a fair possibility" that a stay would "work damage" to

BlueRadios, HBSR "must make out a clear case of hardship or inequity in being required to go

forward" with this Action. *Landis,* 299 U.S. at 255. HBSR has not *identified* any "hardship or

inequity," much less *made out a "clear case"* of such requirements. HBSR simply alleges a stay

will obviate the need to supplement expert reports here and assist HBSR in investigating

BlueRadios' claims" against HBSR. ECF 112, p. 11-12. Even if true, these bases do not rise to

the level of "hardship or inequity" to support a stay.

### a. *Alleged time and expense savings are not sufficient harm for a stay.*

The upshot of HBSR's arguments is that it might benefit from the discovery, expert and

fact testimony, evidence admitted at trial, and final resolution of another case to which it is not a

party. HBSR points to cost savings in avoiding supplementation of expert reports and motions

that will purportedly be necessary because of proceedings in the Colorado Action. It is well

established, however, that "litigation costs" "do not constitute irreparable injury" justifying a stay. *Katz,* 2020 WL 3440886, at *4.

In *Diomed, Inc. v. Total Vein Solutions, LLC,* 498 F. Supp. 2d 385 (D. Mass. 2007), the court rejected arguments like those HBSR makes here.  Diomed sued defendant TVS for inducing patent infringement.  TVS sought a stay pending resolution of Diomed's other cases against direct infringers, arguing that a stay "would conserve judicial and party resources without any substantial hardship" because the direct infringers were "best positioned to address" the allegedly identical issues and, if Diomed lost on the direct infringement claims, its claims against TVS would also fail.  *Id.* at 386.  This court rejected TVS's arguments and denied the stay, finding that the facts and legal issues among the cases were different and that TVS had not articulated sufficient reasons to delay the case further.  *Id.  See also Dow Chem. Co. v. Composite Container Corp*., No. 83-1734-K, 1984 WL 1245, at *1 (D. Mass. Apr. 10, 1984) (denying stay of Dow's patent action in Massachusetts case pending resolution of Dow's patent action in Texas against a different defendant concerning the same patent on the basis that saving litigation expenses did not satisfy *Landis*).

The purported cost and time savings HBSR claims – even if true (which BlueRadios disputes) – are insufficient to establish a "clear case of hardship or inequity" to HBSR.

### b.     *BlueRadios' damages claim against HBSR does not require final resolution of the Colorado Action.*

HBSR argues that it "continues to wait on certain issues to be resolved in the Colorado Action so that it may evaluate [BlueRadios'] claims in this case," specifying BlueRadios' damages claim (ECF 112, p. 11), but offers no reason why it is unable to address BlueRadios' claims without a stay.  BlueRadios' damages will be determined regardless of the status of the Colorado Action.

BlueRadios' claims for damages consist of (i) the value attributable to loss of intellectual property rights, the value of those intellectual property interests, and the business opportunities and property losses associated therewith (to be addressed through expert testimony) and (ii) the fees and costs BlueRadios has incurred in the Colorado Action. Expert reports are due September 25, 2023.  BlueRadios' experts' opinions regarding damages will be disclosed, along with the bases for those opinions, *regardless* of the status of the Colorado Action.  While the Colorado Action fees and costs element of BlueRadios' damage claim will continue to increase as that case proceeds, BlueRadios has agreed to limit its claim to the fees and costs incurred through the January 24, 2024 trial of the Colorado Action (as opposed to the "final resolution") or settlement, whichever is earlier. [11]  Accordingly, the damages will be established regardless of the final resolution of the Colorado Action and there is no need for the indefinite stay HBSR seeks to determine them.

Damages reports are frequently supplemented up until trial. The continuing and increasing nature of BlueRadios' damage claim is not unusual in litigation and is certainly not the kind of "hardship" that supports HBSR's requested stay.

## C.   EVEN WERE THE COURT TO APPLY THE "FIRST-TO-FILE" RULE, A STAY IS NOT WARRANTED.

If the Court conducts a "first-to-file" analysis, it will look to whether this Action and the Colorado Action are "substantially similar," taking into account "the extent of overlap, the

---

[11]     The timing of the disclosure of currently redacted portions of BlueRadios' time entries reflecting litigation strategy in the Colorado Action is disputed and the subject of a motion to compel (*HBSR's Motion to Compel and Memorandum in Support*, ECF 113 and 114 filed July 17, 2023), the response to which is due July 31.  Regardless of the outcome of the motion to compel, HBSR will receive the unredacted documents in adequate time to conduct any expert reasonableness analysis it wishes to undertake.  It is beyond dispute that BlueRadios has no desire to stay this case indefinitely while it continues to accrue fees and costs in the Colorado Action.

likelihood of conflict, the comparative advantage, and the interest of each forum in resolving the dispute." *Dunkin' Donuts Franchised Rests., LLC v. Wometco Donas Inc.*, 53 F. Supp. 3d 221 (D. Mass. 2014), *quoting TPM Holdings, Inc. v. Intra-Gold Indus., Inc.,* 91 F.3d 1, 4 (1st Cir. 1996). The Court must also consider whether any "special exceptions" warrant deviating from the first-to-file doctrine, including whether this forum is "substantially more convenient" for resolution of the issues before it than is the Colorado Action.  *Dunkin' Donuts*, 53 F. Supp. 3d at 233.

Here, there is no similarity other than that BlueRadios is the plaintiff in both cases: (i) the defendants are two separate entities, (ii) the lawsuits were filed five years apart, (iii) the claims against HBSR and Kopin are not the same, (iv) comity between federal courts is not an issue since this Court and the Colorado District Court have independently administered their respective cases without intrusion, and there is no threat of intrusion, (v) there is no threat of inconsistent results given the different theories and entirely different defendants, and (vi) each forum has a particular interest in resolving the disputes they have overseen for years.

### 1.     *Kopin and HBSR are not substantially similar parties.*

HBSR stretches to claim that HBSR and Kopin are "substantially similar" because both were in the business of acting to secure patent protection of intellectual property related to Golden-i.  ECF 112, p. 8.   HBSR focuses on the one claim – civil conspiracy – that this Court dismissed, distorting this Court's dismissal of BlueRadios' civil conspiracy claim on the basis that attorneys and clients constitute a "single entity"—for the purpose of that claim—that cannot

conspire with itself.  ECF 112, p. 8.  That isolated analysis does not change the fact that Kopin

and HBSR are two entirely different parties.  Nor is HBSR's cited authority helpful.[12]

BlueRadios' claims against HBSR and Kopin highlight the critical differences between

those actors.  BlueRadios has alleged that HBSR (i) was not just Kopin's lawyers, but also

BlueRadios', (ii) was BlueRadios' fiduciary, (iii) was a professional that violated professional

standards of care, (iv) was in a relationship in which BlueRadios relied upon and placed trust and

confidence in HBSR, and (v) was an independent aider and abettor of Kopin's breaches of duty

and disclosure.[13]  Thus, while HBSR may characterize itself only as Kopin's lawyers and a

"single entity" with Kopin, it was more than that.  HBSR is a different actor from Kopin and

responsible for its own acts that form the basis of this independent lawsuit.

> **2.      This Action and the Colorado Action are not substantially similar.**

HBSR erroneously claims that this case is "substantially similar" to the Colorado Action

both in fact and legal issues, relying on *Dunkin' Donuts,* a case in which the court enjoined a

defendant's prosecution of a second-filed case against the same party in another federal court

because the issue of wrongful termination of an agreement was "a central issue" in both cases.

*Dunkin' Donuts,* 53 F. Supp. 3d at 234.

---

[12]     HBSR cites *City of Chicopee v. Sullivan*, 379 F. Supp. 569, 572, and n.8 (D. Mass. 1974), which reflects the unremarkable proposition that the Commonwealth of Massachusetts and its administrative agents were similar parties.

[13]     BlueRadios' aiding and abetting claim against HBSR is the only claim that is arguably derivative of an issue in the Colorado Action:  Kopin's wrongdoing. However, it remains BlueRadios' burden to prove Kopin's wrongdoing, regardless of the forum.  Should BlueRadios prove or not prove Kopin's wrongdoing in this Action before the Colorado Action is resolved, it will be between Kopin and BlueRadios, and the Colorado Action's judge, to determine any preclusive effect. The issue need not be fully resolved in the Colorado Action in order for BlueRadios to pursue its claims against HBSR.

Unlike *Dunkin' Donuts,* the "extent of overlap" in the law and issues here and in the Colorado Action is minimal.  Although both Kopin and HBSR's actions are relevant to both cases, that alone does not suffice to warrant a stay where the nature of the claims is not the same. *See TPM Holdings,* 91 F.3d at 4 (Massachusetts court properly heard action regarding *lis pendens* that was the subject of another federal case in Texas because, despite the "surface resemblance" based on the *lis pendens*, "the two courts were addressing very different issues").

This Action does not "duplicate[] the effort of the initial complaint" filed in the Colorado Action,[14] making a stay unsupportable.  *See Thakkar,* 389 F. Supp. 3d at 180 (denying stay as to claims not encompassed in pending class action).  And even if it did, the only party whose efforts are "duplicated" are BlueRadios', not HBSR's.  And while both cases involve Kopin's business relationship with BlueRadios, the gravamen of this case is HBSR's conduct, not Kopin's; the gravamen of the Colorado Action is Kopin's conduct, not HBSR's.

A summary of the pending claims in each lawsuit highlights the distinction:

| Claims in the Colorado Action v. Kopin | Claims in this Case v. HBSR |
|---|---|
| | |
| Breach of contract | Legal malpractice - breach of fiduciary duty |
| Breach of covenant of good faith and fair dealing | Legal malpractice - professional negligence |
| Misappropriation of Trade Secrets – Colorado Uniform Trade Secrets Act – Colo. Rev. Stat. § 7-74-101 *et seq.* | Breach of fiduciary duty based on relationship of confidence and trust |
| Misappropriation of Trade Secrets – Defend Trade Secrets Act, 18 U.S.C. § 1831 *et seq.* | Aiding and abetting breach of fiduciary duty |
| | Fraudulent nondisclosure or fraudulent concealment |
| | Aiding and abetting fraudulent concealment |
| | Violation of Massachusetts General Law Ch. 93A |

---

[14]      **Exhibit 3**, BlueRadios' complaint filed in the Colorado Action [Colorado Action ECF 1].

HBSR makes much of the fact that both cases involve eight patent applications and some similar facts underlying BlueRadios' claims against Kopin and HBSR.  However, BlueRadios' claims against HBSR are distinctly different from its claims against Kopin, and resolution of the Colorado Action will not answer the many questions presented here.[15]  Although the two cases clearly share some facts, the causes of action are different because HBSR and Kopin and their conduct are different.  BlueRadios' claims for damages against Kopin and HBSR are also different. In the Colorado Action, BlueRadios seeks contractual and disgorgement damages arising from Kopin's wrong-doing; those damages are not at issue here.  Necessarily, HBSR's and Kopin's defense theories are different. The allegedly "overlapping factual issues" that HBSR identifies do not support a stay.

### 3.  Lack of conflict, comparative advantage, and this Court's interest in resolving this Action do not support a finding of "substantial similarity."

A first-to-file argument is one typically asking the "first" court to hear a case involving the same parties.  That is not what HBSR seeks.  Regardless, the likelihood of conflict between the Colorado Action and this Action is minimal given the different defendants and different causes of action, especially since the cases have been pending simultaneously since March 2021 without conflict.  HBSR has not identified an actual conflict; it only wants to wait indefinitely in

---

[15]    For instance, fact issues in this Action that are not in issue in the Colorado Action include: (1) did HBSR give legal advice to BlueRadios, (2) did HBSR and BlueRadios have an attorney-client relationship, (3) did HBSR fail to exercise reasonable care and skill in handling matters related to BlueRadios' matters, (4) did HBSR have conflicts of interest between its relationship with Kopin and its relationship with BlueRadios, and did HBSR fail to disclose and obtain BlueRadios' consent to those conflicts, (5) did BlueRadios and HBSR have a relationship in which BlueRadios placed its confidence and trust in HBSR for the purposes of protecting BlueRadios' intellectual property, and did HBSR know it, (8) did HBSR owe a duty of disclosure to BlueRadios, (6) were BlueRadios and HBSR engaged in a trade or commerce under Ch. 93A of the Mass. G. Laws, (7) is HBSR's conduct toward BlueRadios actionable under Ch. 93A, and (8) when did BlueRadios' causes of action against HBSR accrue)?

the hopes of taking advantage of some potential testimony or ruling yet to occur.  This Court has

a comparative advantage over the Colorado forum given that all of BlueRadios' claims against

HBSR are based in Massachusetts common and statutory law.  The fourth factor regarding

similarity – the interest of each forum in resolving the dispute – also militates strongly against a

finding of similarity since this Court has a particular interest in resolving Massachusetts law

issues about the conduct of Massachusetts lawyers, and the Colorado Court has a similar interest

in adjudicating issues relating to misappropriation of assets of a Colorado plaintiff.

> **4.      Even were the first-to-file rule apply, special circumstances warrant denying a stay.**

"The first-to-file rule is not to be applied in a 'mechanical way.'"  *Thakkar,* 389 F. Supp.

3d at 170*, quoting EMC Corp. v. Parallel Iron*, LLC, 914 F. Supp. 2d 125, 127 (D. Mass. 2012).

"[C]ourts have discretion to give preference to a later-filed action when the action will better

serve the interests involved."  *Id.* (internal citations omitted).  Accordingly, even if this Court

finds that the first-to-file rule applies, "it must determine whether any special circumstances

warrant deviating from the first-to-file rule."  *Dunkin' Donuts,* 53 F. Supp. 3d at 233.

A "special circumstance" exists when the forum is "substantially more convenient" than

the forum of the first-filed case, considering "(1) the plaintiff's choice of forum, (2) the relative

convenience of the parties, (3) the convenience of the witnesses and location of documents, (4)

any connection between the forum and the issues, (5) the law to be applied, and (6) the state or

public interests at stake." *Id.*  These considerations make obvious the inapplicability of the first-

to-file doctrine to a case in which the stay movant is not a party to the other forum's case.  And

they support deviating from the first-to-file doctrine. (1) Massachusetts is BlueRadios' choice of

forum in its action against HBSR, (2) the convenience of the parties militates in favor of the

District of Massachusetts, where the seven Defendants reside, (3) the convenience of the

witnesses and location of the documents support this forum, where HBSR has its offices and documents, (4) the connection between the Massachusetts forum and the issues is strong since HBSR's conduct occurred in Massachusetts, (5) Massachusetts law governs BlueRadios' claims against HBSR, and (6) Massachusetts' state or public interest in the conduct of Massachusetts-licensed lawyers practicing law in Massachusetts is great.  HBSR's motion should be denied.

## V.     CONCLUSION

For the reasons expressed above, this Court should deny Defendants' Motion to Stay.

Respectfully submitted this 26th day of July, 2023.

<div style="margin-left:50%">

*/s/ Michael T. Mihm*
Michael T. Mihm, Pro Hac Vice
Elizabeth J. Hyatt, Pro Hac Vice
James E. Fogg, Pro Hac Vice
Leigh B. Horton, Pro Hac Vice
OGBORN MIHM, LLP
1700 Lincoln Street, Suite 2700
Denver, Colorado 80203
Telephone: (303) 592-5900
Facsimile: (303) 592-5910
Michael.Mihm@OMTrial.com
Elizabeth.Hyatt@OMTrial.com
James.Fogg@OMTrial.com
Leigh.Horton@OMTrial.com

David B. Seserman, Pro Hac Vice
SESERMAN LAW LLC
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (303) 900-2406
Facsimile: (303) 670-0990
dseserman@seserman.law

</div>

Douglas W. Salvesen (BBO# 550322)
YURKO PARTNERS, P.C.
One Tech Drive, Suite 205
Andover, Massachusetts 01810
Telephone: (617) 381-4404
DSalvesen@yurkopartners.com

*Counsel for Plaintiff BlueRadios, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 26, 2023, I electronically served the foregoing on all counsel of record.

*/s/ Michael T. Mihm*