UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 21-cv-10488-DJC

**BLUERADIOS, INC.**

v.

**HAMILTON, BROOK, SMITH &
REYNOLDS, P.C., ET AL.**

<u>**ORDER ON MOTION TO COMPEL**</u>

**LEVENSON, M.J.**

On August 9, 2023, the Court heard argument on Defendants' motion to compel (Docket No. 113). The parties presented argument regarding burden of production under Fed. R. Civ. P. 34(b), the adequacy of Plaintiff's responses to RFPs 6, 12, 20, 21, 22, 24, and 26, and the redaction of attorney fee invoices.

For the reasons discussed on the record at the hearing, the Court enters the following ORDER:

1. *Metadata and Documents Relating to HBSR (RFP 6)*

The parties are to confer regarding concerns with metadata associated with Plaintiff's production.

Documents do not require additional designation or organization under Rule 34(b) when produced as they were kept in the usual course of business. For application of this standard to electronic documents, *see Echavarria v. Roach*, No. 16-CV-11118-ADB, 2018 WL 6788525, at *1 (D. Mass. Dec. 26, 2018).

Assuming the parties can work out issues concerning metadata, no further production and/or identification shall be required concerning HBSR-related documents.

2. *Damages (RFP 12)*

Plaintiff has represented that its damages claims (apart from attorney's fees) are not based upon theories related to Plaintiff's own business operations (such as expenditures or Plaintiff's own revenues). In light of Plaintiff's representation that it has – except for expert opinion to be produced later – produced all relevant documents in its custody and control regarding damages, no further production and/or identification shall be required concerning damages.

3. *Plaintiff's Intellectual Property (RFPs 20, 21, 22, 24, 26)*

The parties shall confer regarding further production and/or identification by Plaintiff of documents that reflect Plaintiff's possession or ownership of the trade secrets, proprietary material, and/or intellectual property that Plaintiff alleges the Defendants (or Kopin) misappropriated, wrongfully disclosed, or otherwise mishandled.

To the extent that production of additional documents, not yet provided to Defendants, may be required, the Court reminds the parties of the proportionality principle enunciated in Fed. R. Civ. P. 26(b)(1). Plaintiff is not expected to produce an exhaustive download of all source materials.

To the extent that such documents have already been produced, Plaintiff may identify representative materials reflecting its ownership or origination of the inventions in question, by way of supplemental response to interrogatories and/or requests for production.

4. *Attorney-Fee Invoices*

Plaintiff shall produce unredacted attorney-fee invoices not later than February 19, 2024. If the Colorado lawsuit settles prior to February 1, 2024, Plaintiff shall produce

such materials within two-weeks after the date of settlement. Plaintiff is instructed to provide the court with proposed language for a limited amendment of the scheduling order, to reflect the fact that expert opinion regarding attorney's fees will necessarily need to follow production of this additional information.[1]

                                         /s/ Paul G. Levenson

August 10, 2023                              PAUL G. LEVENSON
                                             United States Magistrate Judge

---

[1] The parties are hereby advised that, under Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within fourteen days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate judge's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to follow the objection procedures of Rule 2(b) may preclude further appellate review. *See Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999); *Sunview Condo. Ass'n v. Flexel Int'l, Ltd.*, 116 F.3d 962, 964–65 (1st Cir. 1997); *Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir. 1993).