**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

BLUERADIOS, INC.
Plaintiff,

v.

HAMILTON, BROOK, SMITH & REYNOLDS, PC; et al.
Defendants.

Civil Action No. 1:21-cv-10488-DJC

**MOTION TO INTERVENE AS TO PROPOSED SETTLEMENT AND STIPULATED JUDGMENT**

Endurance American Specialty Insurance Company ("Endurance") respectfully moves to intervene and be heard on a proposed settlement between BlueRadios Inc. ("BlueRadios") and Defendants ("HBSR"). The settlement involves a $150 million stipulated judgment for which HBSR hopes to make Endurance liable. Endurance is HBSR's professional liability insurer, having issued a second-level excess policy with $10 million limits.

## BACKGROUND

This is a legal malpractice matter as to which coverage is disputed. The coverage part of the claim – i.e., the dispute between HBSR and Endurance – is currently pending before Judge Sorokin. *See Endurance American Specialty Insurance Company v. Hamilton, Brook, Smith & Reynolds, PC et al.*, C.A. No. 1:24-cv-11568-LTS ("Coverage Action"). The liability part – i.e., the dispute between BlueRadios and HBSR – is currently pending before this court. Endurance, while questioning coverage, remains part of the tower defending HBSR from BlueRadios' claims. Nonetheless, Endurance has been excluded from any discussions between the parties as to the settlement of this matter. It has received no reporting on the parties' settlement talks, and it has

not been given any of the information insurers usually receive from their insureds as to settlement positions, strategies, prospects, theories, exposures, or alternatives.

Last week Endurance learned (from the public docket) that HBSR had reached a deal with BlueRadios, involving a "stipulated" judgment of $150 million and a shared right to pursue Endurance for this amount. This $150 million is beyond HBSR's realistic ability to pay. It is a collusive arrangement: intended to target Endurance's insurance assets and maximize pressure in the parallel coverage action. Endurance had no role in negotiating the agreement. It had no knowledge of the agreement until the parties alerted the Court and filed their motion. It had no input on the settlement amount. Under these circumstances, Massachusetts law entitles Endurance to intervene in this action, take discovery as to the circumstances that led to the settlement, and contest the reasonableness of the settlement terms the parties negotiated.[1]

## DISCUSSION

The key case in this area is *Commerce Ins. Co. v. Szafarowicz*, 483 Mass. 247, 265 (2019), in which the Massachusetts Supreme Judicial Court carefully balanced the competing interests of the insured and the insurer when an insured settles a case to pursue coverage. On the one hand, as *Szafarowicz* recognized, an insured with uncertain coverage may have a strong interest in "protecting his or her financial interests through a settlement." *Id.* at 263 (*citing United Servs. Auto Assn. v. Morris*, 154 Ariz. 113 (1987)). On the other hand, as *Szafarowicz* recognized, such

[1] Endurance has involved itself once before in this matter. Last March, when this Court received this case on remand and ordered the parties to confer and propose a schedule, Endurance filed a Nonparty Advisory Submission [Dkt 286] to tell the court of the parallel Coverage Action. It then filed a Limited Motion to Intervene [Dkt 291] to suggest that proceedings in the two matters be coordinated, with this matter stayed until Judge Sorokin decided whether coverage existed. In making this proposal, Endurance was trying to avoid the very circumstances that are affecting HBSR here – i.e., unsettled questions of coverage, and eroding insurance assets, complicating settlement discussions in advance of an impending trial. HBSR and BlueRadios both spoke out against the proposal Endurance was making. They refused to consider a stay, and stressed their desire to bring this case to trial as soon as possible. Given the developments since then, it is clear that this was not in fact their objective, and in fact, their opposition to the stay had more to do with putting pressure on Endurance.



53433490v.1

settlements are inevitably infected by collusion. *Id.* at 264 (*citing Campione v. Wilson*, 422 Mass. 185, 193 (1996). Where these settlements are concerned, as *Szafarowicz* recognized, the insured has no "incentive to contest his liability or the extent of the injured party's damages either in negotiations or at trial." *Id.* (*quoting Freeman v. Schmidt Real Estate & Ins., Inc.*, 755 F.2d 135, 139 (8th Cir. 1985). Particularly when the insurer is excluded from the negotiations – as Endurance was excluded here – the court must be particularly alert to the terms of the settlement, and the possibility of "collusion or fraud." *See id.* (*quoting Spellman v. Shawmut Woodworking & Supply Inc.*, 445 Mass. 675 (2006).

*Szafarowicz* set out to balance these competing interests. It did so in two ways. First, the court held as a matter of law that the amount of such a settlement "**may not exceed the limits of the insured's potential insurance coverage**." *See* 483 Mass. at 266 ("[b]ecause the consequence of a settlement/assignment agreement is that the plaintiff may collect damages only from the insurer, having released the insured defendants from personal liability, a **reasonable settlement amount may not exceed the limits of the insured's potential insurance coverage**") (emphasis added). Any settlement that purports to do so is "per se unreasonable." *Id.* at 267. In this case, the limits of the Endurance professional liability policy are $10 million.[2] The unexhausted limits of HBSR's other coverage appear to be around $9.1 million. To the extent HBSR and BlueRadios intend for the stipulated judgment to bind Endurance, the judgment must (at a minimum) be

---

[2] At certain points in the Coverage Action, HBSR has suggested that Endurance -- in handling this claim – may have breached some duty it owed HBSR under M.G.L. c. 93A and 176D, and may have exposed itself to extracontractual damages as a result. That position is not supported by the evidence. It is not supported by Massachusetts law. It is the subject of a pending motion to dismiss. See Dkt. 89, Coverage Action, C.A. No. 1:24-cv-11568-LTS Dkt. 88, End. Mot. to Dismiss HBSR Cntrclm, Counts II, III, IV (July 24, 2026). However, to the extent HBSR does wish to take this position, the arguments are best addressed by Judge Sorokin in the Coverage Action. Judge Sorokin is best positioned to determine, in the first instance, whether HBSR has set out a claim under M.G.L. c. 93A and 176D; and, if he (somehow) finds a violation, to determine damages under these statutes.

reduced to no more than $19.1 million, i.e., the approximate remaining limits of HBSR's professional liability coverage from all sources.

Second, *Szafarowicz* imposed procedural safeguards. It held that an insurer who is excluded from negotiations, and called upon to contribute to a pre-judgment settlement, may only be "bound by the amount … where [1] the insurer is given notice of the settlement/assignment agreement and an opportunity to be heard by the court before judgment enters; [and] [2] the insurer contests the judgment; and [3] the insured, after hearing, meets his or her burden of showing that the settlement is reasonable in amount." *See id.; see also Bishay v. Natl. Investigs. Inc.*, 98 Mass. App. Ct. 1107 (2020). "In deciding whether [an] agreement is reasonable, a judge [should] examin[e] the totality of the circumstances at a reasonableness hearing, [and] should determine whether the amount of the settlement is reasonable in light of 'the facts bearing on the liability and damage aspects of plaintiff's claim, as well as the risks of going to trial.'" *Id.*, 483 Mass. at 265, *quoting Miller v. Shugart*, 316 N.W.2d 729, 735 (Minn. 1982).[3]

In this case a hearing is especially important. Endurance has had little or no recent access to the defense files on this case. It has been excluded from settlement discussions and from the strategic thinking around those discussions. It has not seen HBSR's experts, read their draft reports, or been allowed to evaluate HBSR's defenses to liability – e.g., on statute of limitations. It knows virtually nothing about "the damage aspects of plaintiff's claim." It is entitled to discovery on each of these things. Moreover, even without discovery, there are strong reasons to believe that the $150 million stipulated judgment is not a reasonable, good faith resolution of HBSR's potential liability. That number is approximately eight times HBSR's remaining

[3] Endurance believes the reasonableness hearing could properly be conducted either in this case or in the Coverage Action. It takes no position on this issue, and leaves it to this Court and Judge Sorokin to determine what is appropriate. But regardless of which forum the hearing is held in, the proposed stipulated judgment should not be entered in this court until a hearing has been held and the reasonableness of the settlement determined.

insurance limits. It is far beyond what HBSR previously predicted BlueRadios could recover, even on its best day at trial. It was agreed by a group of insureds who have been released from personal exposure and therefore have no reason to resist it. It is a negotiated number untethered to the merits. The burden is on BlueRadios and HBSR to establish the reasonableness of the settlement, and Endurance should have the right to examine and challenge those parties' explanations.

## CONCLUSION

For the reasons set forth above, Endurance respectfully requests [1] that it be allowed a short period of targeted discovery focusing on the reasonable settlement value of this case; [2] that Endurance then be allowed to participate in a reasonableness hearing as to the proposed stipulated judgment; and [3] in either case, even if the reasonableness hearing results in a greater amount, that the amount of the settlement be reduced under *Szafarowicz* to the remaining limits of HBSR's policies, i.e., $19.1 million.

Respectfully submitted,

ENDURANCE AMERICAN SPECIALTY
INSURANCE COMPANY

/s/ *Eric B. Hermanson*

Eric B. Hermanson (BBO #560256)
Austin D. Moody (BBO #704315)
WHITE AND WILLIAMS LLP
101 Arch Street, Suite 1930
Boston, MA 02110
Tel: (617) 748-5200
hermansone@whiteandwilliams.com
moodya@whiteandwilliams.com

**LOCAL RULE 7.1 CERTIFICATION**

I hereby certify that on Friday, November 20, 2026, and on Monday, November 23, 2026, I conferred with counsel for HBSR (by e-mail) and BlueRadios (by Zoom), respectively. HBSR advised that it took no position on this motion. BlueRadios opposed the relief requested.

/s/ *Eric B. Hermanson*
Eric Hermanson

**CERTIFICATE OF SERVICE**

I, Eric B. Hermanson, counsel of record for Plaintiff in this action, do hereby certify that I have served a copy of the foregoing to all counsel of record, via ECF System, this 24th day of November, 2026.

/s/ *Eric B. Hermanson*
Eric Hermanson